IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-30226 |
| | ) | |
| DARLENE CLARK, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Humphrey |
| | ) | |
| _____ | ) | |

## MOTION TO DETERMINE EXCESSIVENESS OF ATTORNEY FEES PURSUANT TO 11 U.S.C. § 329(b)

The Office of the United States Trustee ("UST") hereby moves this Court for an Order determining that attorney Diana Khouri ("Khouri") requested attorney fees in this case are unreasonably excessive pursuant to 11 U.S.C. § 329(b). A Memorandum of Points and Authorities is attached hereto and incorporated herein.

Dated: March 18, 2011
                                           DANIEL M. MCDERMOTT
                                           UNITED STATES TRUSTEE FOR REGION 9

                                           /s/ MaryAnne Wilsbacher
                                           MaryAnne Wilsbacher (0055764)
                                           Assistant U.S. Trustee
                                           170 North High Street, Suite 200
                                           Columbus, OH 43215
                                           Telephone: (614) 469-7411 ext. 212
                                           Facsimile: (614) 469-7448
                                           Email: MaryAnne.Wilsbacher@usdoj.gov

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The UST's objection is made pursuant to § 329. The UST asserts that the fees requested by Khouri are not reasonable compensation for the services rendered in this case.

## II. SUMMARY OF FACTS

Debtor, Darlene Clark ("Debtor"), filed a Chapter 7 bankruptcy on January 19, 2011. Debtor had retained Khouri to represent her in the bankruptcy proceedings via the internet website www.usbankruptcygroup.com.[1] According to the Rule 2016(b) Statement filed in this case, the Debtor is to pay Khouri $1,199 for representation in her bankruptcy proceedings. The UST has reason to believe that Debtor had no personal contact with Khouri and the UST also has reason to believe any consultations were conducted either by telephone, regular mail, fax, or e-mail. Khouri did not attend the meeting of creditors with the Debtors, rather, the meeting was attended by local attorney, Steven Geise. The Rule 2016(b) Statement does not provide for fee sharing and it is unclear whether the Debtors anticipated Mr. Geise's attendance at the meeting.

## III. LEGAL ANALYSIS

11 U.S.C. § 329(b) allows the bankruptcy court to review fee arrangements and fees received by bankruptcy practitioners in bankruptcy cases. Section 329(b) provides that if, "such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive to…the entity that made such payment." Section 329(b)'s examination is considered under a "reasonableness" standard. Thus, any payment or agreement considered pursuant to § 329(b) is valid only to the extent it is deemed "reasonable" by the court. What constitutes a "reasonable" fee or fee

---

[1] A review of the website www.usbankruptcygroup.com shows that the information disclosed therein is decidedly general. No attorney names are disclosed but legal advice is offered, prospective clients are encouraged to call a toll-free number "24/7" for a "consultation," no street addresses are disclosed for offices, and no mailing addresses are disclosed. Further, a "hot button" on the main site page offers a form to be filled out for a free consultation by "California Licensed Bankruptcy Lawyers."

agreement is a question of fact to be determined by the particular factual circumstances of each case.[2]

In this case, Debtor retained Khouri with anticipation of certain representation including Khouri's attendance at the Debtors' 341(a) meeting of creditors. Instead, substitute counsel was obtained independently by Khouri prior to the 341(a) meetings of creditors. The UST has reason to believe that Steven Geise is not an associate of Khouri's law office and that he had limited knowledge of the Debtors' case prior to representing the Debtors at the 341(a) meeting of creditors. Khouri's actions in this case were limited to actions which would have been undertaken by a bankruptcy petition preparer and Khouri's compensation should be equally limited.

## IV. CONCLUSION

In summary, Debtors in the subject filing did not receive the representation from Khouri contemplated by the contract for legal services.

WHEREFORE, the UST requests that, pursuant to 11 U.S.C. § 329(b), Khouri's fee be disgorged and returned to the Debtor in an amount justly contemplated by this Honorable Court and for such punitive recompense that this Honorable Court deems appropriate.

Dated: March 18, 2011
        DANIEL M. MCDERMOTT
        UNITED STATES TRUSTEE FOR REGION 9

        /s/ MaryAnne Wilsbacher
        MaryAnne Wilsbacher (0055764)
        Assistant U.S. Trustee
        170 North High Street, Suite 200
        Columbus, OH  43215
        Telephone:  (614) 469-7411 ext. 212
        Facsimile:  (614) 469-7448
        Email:  MaryAnne.Wilsbacher@usdoj.gov

---

[2] *See, In re Diamond Mortgage Corp. of Illinois*, 135 B.R. 78 (Bankr. N.D. Ill. 1990)*; In re Wittman Eng'g & Mfg. Co. Inc.*, 66 B.R. 488 (Bankr. N.D. Ill. 1986); *In re Buchanan*, 66 F.2d 416 (2d Cir.), cert denied, 290 U.S. 682, 54 S.Ct. 120, 78 L.Ed. 588 (1933).

CERTIFICATE OF SERVICE

      I hereby certify that on March 18, 2011, a copy of the foregoing MOTION TO DETERMINE EXCESSIVENESS OF ATTORNEY FEES PURSUANT TO 11 U.S.C. § 329(b) was served on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the court:

Asst US Trustee (Day), USTPRegion09.CB.ECF@usdoj.gov

Diana Khouri, Dianakhouriohio@gmail.com

David L. Mikel, ch7trustee@dungan-lefevre.com, oh60@ecfcbis.com

And on the following by ordinary U.S. Mail addressed to:

Darlene Clark
414 Short Street
Greenville, OH 45331

Diana Khouri, Esq.
6300 Rockside Road, Suite 204
Cleveland, OH 44131

Recovery Management Systems Corporation
25 SE 2nd Avenue, Suite 1120
Miami, Fl 33131


                                                /s/ MaryAnne Wilsbacher
                                                MaryAnne Wilsbacher, Esq.